In the Matter of SALVATORE QUAGLIATA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 27, 1992

### APPEARANCES OF COUNSEL

*Robert H. Straus (Khadijah Muhammad-Starling* of counsel), for petitioner.

*Eugene Bogan* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two

allegations of professional misconduct. The Special Referee sustained both charges against the respondent. The petitioner now moves to confirm the report of the Special Referee and the respondent has filed an answer and affirmation in response thereto.

Charge One alleged that the respondent neglected a legal matter entrusted to him, as a result of which his client's cause of action became barred by the Statute of Limitations. The respondent was retained by Faustino Guadalupe to commence an action against the City of New York for personal injuries sustained on or about January 29, 1983. The respondent caused a notice of claim to be served upon the Office of the Comptroller of the City of New York on his client's behalf on or about April 25, 1983. In consequence of the respondent's failure to commence suit against the City within the applicable statutory period, his client's cause of action became time barred.

Charge Two alleged that the respondent failed to return an unearned legal fee. In January 1981, the respondent was retained by Gaines Hearns to perfect an appeal from Hearns' felony conviction. The respondent entered a notice of appearance in the action on or about January 26, 1981, and represented the defendant at sentencing on or about February 17, 1981. The respondent obtained a 120-day stay of execution from the Appellate Division, First Judicial Department. Hearns paid the respondent a fee of approximately $30,000, as well as providing funds for the purchase of the transcript. The respondent failed to perfect the appeal.

The People moved, in or about June 1982, to vacate the stay of execution and to dismiss the appeal. Hearns was compelled to retain other counsel to oppose the motion and to perfect the appeal. The respondent failed to return the unearned portion of his fee.

By letter dated October 13, 1983, the respondent represented to the Grievance Committee counsel that he was willing to determine the amount of any refund due "in a professional and gentlemanly fashion". In the course of his testimony before a Grievance Committee subcommittee on April 24, 1985, the respondent reiterated his intent to refund any portion of his fee which was unearned. Notwithstanding such representations, the respondent failed to return any part of his fee to Hearns.

The respondent admitted the charges set forth in the petition and submitted evidence in mitigation of his conduct.

Based on the evidence adduced, we find that the Special Referee properly sustained both charges of professional misconduct against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including his medical and psychiatric problems which purportedly gave rise to his misconduct, and his full reimbursement to the complainant in Charge One. Nevertheless, the respondent is guilty of a pattern of serious professional misconduct.

Of particular significance is the respondent's prior history with the Grievance Committee. On September 16, 1985, the respondent was issued a Reprimand for neglecting a legal matter arising from his handling of the Gaines Hearns appeal, as well as for failing to cooperate with the Grievance Committee's investigation. On May 5, 1988, he was issued a Letter of Admonition for failing to cooperate with the Grievance Committee and the Queens County Bar Association. The respondent was issued a Letter of Caution on September 18, 1990, for neglecting a legal matter. Accordingly, the respondent is suspended from the practice of law for a period of three years commencing on May 27, 1992, and continuing until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Salvatore Quagliata is suspended from the practice of law for a period of three years, commencing May 27, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), (c) that he has otherwise properly conducted himself, and (d) that he has made adequate restitution to the complainant in Charge Two; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the

period of suspension and until the further order of this court, the respondent Salvatore Quagliata is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.